**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**SYLVESTER LEE BRANCH**                                             **PETITIONER**

**VERSUS**                         **CIVIL ACTION NO. 3:10CV255- HTW-LRA**

**STATE OF MISSISSIPPI**                                              **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Sylvester Branch was convicted in the Circuit Court of Hinds County, Mississippi, and seeks federal habeas relief under 28 U.S.C. § 2254. The Court finds that the petition should be dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2254(a), for the reasons that follow.

**Factual and Procedural Background**

Petitioner was convicted of statutory rape and gratification of lust in the Circuit Court of Hinds County, Mississippi. He was sentenced to thirty years imprisonment, with ten years suspended and five years supervised probation for the statutory rape conviction, and was sentenced to fifteen years, with five years suspended for the gratification of lust conviction. The sentences are to be served concurrently. The relevant facts are described in the state court's opinion as follows:

> C.V.[1] alleged that one morning, her father, Branch, entered her room and instructed her to come to his room. C.V. testified that she went to Branch's room, and Branch told her to remove her clothes and get into his bed. C.V. stated that Branch then removed his clothes, and he proceeded to penetrate her vagina with his finger for five or ten minutes. Following this act, C.V. stated that Branch penetrated her vagina with his penis for five or ten minutes. C.V. testified that, after these acts, Branch instructed her to

---

[1] The state court used the initials "C.V." to protect the identity of the minor victim.

take a shower in his bathroom and tell no one what had happened. C.V. stated that she told her mother about the incidents five days after they occurred. C.V. testified that her mother then called the police and took her to the [emergency room] for an examination.

C.V. was referred to the Children's Advocacy Center ("CAC") by the Hinds County Department of Human Services. Bryan Irving, a forensic interviewer with CAC, interviewed C.V. to determine if C.V. needed a referral for further medical attention and to assess her credibility as to the abuse allegations. During the interview, C.V. disclosed details of the abuse and stated that her father, Branch, had raped her.

Over objection, Irving testified at trial that C.V. had identified Branch as her rapist. Irving also testified that throughout the interview: 1) C.V. was consistent in identifying Branch and reporting the events; 2) C.V. was consistent in telling him what she told others; and 3) C.V.'s demeanor was consistent with the facts she relayed to Irving. C.V. also used numerous contextual details to describe the fondling and rape. Because of C.V.'s consistent and detailed account, Irving stated that C.V.'s allegations were credible. Branch's counsel objected to Irving's statements regarding credibility, arguing that the statements invaded the province of the jury, but the judge overruled the objection.

At trial, C.V.'s mother, a law enforcement officer with the sex-crimes protection unit, and a physician each provided testimony consistent with the testimony of C.V. and Irving. C.V.'s mother relayed how she had become aware of the abuse and the actions she had taken to get C.V. medical attention. The officer testified that he had interviewed C.V., her mother, and the [emergency room] physician. The officer found that C.V. consistently had identified her father as the abuser and consistently had recounted the details of the abuse. The [examining pediatrician] performed a sexual-assault examination, and testified that his "findings were suggestive of vaginal penetration."

*Branch v. State,* 998 So.2d 411, 413 (Miss. App. 2008), *reh'g denied* Jan. 22, 2009.

The Mississippi Supreme Court affirmed Petitioner's convictions and sentences in a written opinion on October 30, 2008. *Id*. On January 20, 2010, that court denied Petitioner's motion for post conviction relief.[2] On May 4, 2010, Petitioner filed a petition for habeas relief in this Court, raising the same grounds that were presented in his motion for post-conviction relief:

---

[2] ECF No. 7-4.

| | |
|---|---|
| Ground One: | A 40 yr. old man would do more damage that a torn hyman [sic] if he penetrate[d] an 11 yr. old girl. |
| Ground Two: | Dr. Berryman's findings and statement wasn't [sic] focused on at trial. |
| Ground Three: | 9 days past [sic] before [C.V.] was taken to a second doctor. |
| Ground Four: | [C.V.'s mother] is protecting her nephew who sexually assaulted C.V.[3] |

Because each of these claims concern the weight of the evidence, the State moved to dismiss the instant petition for failure to state a claim upon which relief could be granted. Given their vague and conclusory nature, this Court denied the motion without prejudice and granted Branch an opportunity to further develop his arguments. *Hernandez v. Thaler*, 630 F.3d 420 (5th Cir. 2011) (*pro se* filings are entitled to benefit of liberal construction). In response, Branch filed an amended complaint raising the same evidentiary arguments raised in grounds one through three, and reasserted his actual innocence claim in ground four. Specifically, he claims that the victim's mother fabricated the allegations to get rid of him, and/or to protect her nephew who allegedly sexually assaulted the victim in August 1999.[4] The State renews its motion to dismiss for failure to state a claim, and alternatively argues that the claims are without merit.

---

[3]ECF No. 2, pp. 5-10. Petitioner attaches several exhibits to his petition, including a copy of his motion for post-conviction collateral relief and the state court's order denying same; copies of the police reports investigating the crimes; a page from the victim's medical examination at Central Mississippi Medical Center; a newspaper article discussing the prosecution of local statutory rape cases; and, a computer print-out of a court docket involving a sexual battery charge in another case. These same documents were submitted as exhibits to Petitioner's motion for post-conviction collateral relief.

[4]ECF No. 9, p. 2.

3

**Discussion**

This Court's review of Petitioner's claims for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under the Act, federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). (Emphasis added). A habeas petitioner must allege that he or she has been "deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). If a Petitioner has not alleged a deprivation of any such right, he has failed to state a claim for habeas relief. *Id*.

1. **Weight of the Evidence Claims**

It is well settled that "[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence. . . ." *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985). A weight-of- the-evidence claim is purely a matter of state law, and is not cognizable on habeas review as it requires an assessment of the credibility of the evidence presented at trial. *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982). In contrast, a sufficiency-of-the-evidence claim is based upon federal due process principles, requiring the State to prove each element of the offense beyond a reasonable doubt. The only relevant question in assessing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any*

4

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Having considered both the original and amended petitions here, the Court notes that Branch raises the same weight-of-the-evidence claims in grounds one through three that he asserted on state post-conviction review. Construed broadly, Branch argues that he was erroneously convicted (1) because a 40-year old man would have done more physical damage if he penetrated an 11-year old girl; (2) because the jury erroneously rejected Dr. Berryman's emergency-room findings in favor of Dr. Sorey's sexual assault examination; and (3) because the victim's mother waited nine days after the assault to take the victim to Dr. Sorey. "[I]t is the responsibility of the jury – not the court –to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011). This Court can look only to the sufficiency of the evidence to determine whether the evidence, viewed in the light most favorable to the State, would have permitted a rational trier of fact to find Branch guilty of the offenses. *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Jackson*, 443 U.S. at 318-19). By solely making these weight of the evidence arguments, Branch fails to assert a federal claim as required by 28 U.S.C. § 2254(a).

Even if we were to construe grounds one through three as challenging the sufficiency of the evidence, we would not "focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (emphasis in original).

*Jackson* would require us to look to state law for the substantive elements of the offense, but "the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman v. Johnson*, 132 S.Ct. 2060, 2064 (2012) (internal quotation omitted). Even then, *Jackson* claims "face a high bar in federal proceedings because they are subject to two layers of judicial deference." *Id.* at 2062. In the first layer, a state appeals court reviewing the sufficiency of the evidence sets aside the jury's verdict "only if no rational trier of fact could have agreed with the jury." *Id.* In the second layer, a federal court grants habeas relief only upon a finding that the state court's rejection of a sufficiency-of-the-evidence claim was "objectively unreasonable." *Id.*

In this case, the Mississippi Supreme Court thoroughly considered the elements of statutory rape and gratification of lust on direct appeal. Although the court did not cite *Jackson v. Virginia*, it noted that if "the evidence points in favor of the defendant on any element of the offense such that a reasonable juror could not have found the defendant guilty beyond a reasonable doubt, we must reverse the conviction." *Branch*, 998 So.2d at 416 (quoting *Coleman v. State*, 947 So.2d 878, 881 (Miss.2006)). The court then expressly rejected Branch's contention that his convictions violated his double-jeopardy rights because gratification of lust is a lesser included offense of statutory rape. The court found that the fondling and rape were two separate offenses, and that Branch's motion for a directed verdict was properly denied. *Branch*, 998 So.2d at 418 (statutory rape does not encompass the crime of gratification of lust; it requires proof of sexual intercourse or

6

genital lacerations as an additional element). Branch does not allege, nor does the Court find, that the state court's decision was contrary to or an unreasonable application of *Jackson*, or otherwise a violation of his constitutional rights.

Miss. Code Ann. § 97-5-23 provides in relevant part that "[a]ny person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent ... shall be guilty of a felony[.]" Miss. Code Ann. § 97-5-23 (1) (Rev. 2006). Mississippi law further provides that statutory rape occurs when a person of any age has sexual intercourse with a child under the age of 14. Miss. Code. Ann. § 97-3-65-(1)(b). Although Branch maintains that a "40 year old man would do more damage than a torn hyman [sic] if he penetrate[d] an 11 yr. old girl," it is not necessary under state law to "prove penetration where it is shown the genitals, anus or perineum of the child have been lacerated or torn in an attempt to have sexual intercourse with the child." Miss. Code. Ann. § 97-3-65- (5) (Rev. 2006). A rational jury could infer from the State's evidence in this case that Branch was guilty of both offenses.

The victim, who was under the age of 14 at the time of the incidents, testified that her father penetrated her vagina with his fingers for five to ten minutes, and then penetrated her with his penis for another five to ten minutes. Miss. Code Ann. § 97-5-23. She gave accounts of the abuse to her mother, a forensic interviewer, the responding police officer, the investigating detective, and the examining pediatrician, Dr. Sorey, all

7

of whom testified at trial. Because Dr. Berryman, the emergency room physician who initially examined her could not ascertain the source of her torn hymen, the victim's mother testified that she took her to get a sexual-assault examination at a social worker's suggestion. Dr. Sorey conducted the sexual-assault examination and presented photographs, taken with a colposcopic camera, of the victim's torn hymen at trial. It was his impression that the lacerations were "suggestive of vaginal penetration."[5] Miss. Code. Ann. § 97-3-65-(1)(b), (5), (6) (Rev. 2006).

In addition to this evidence, the jury heard testimony from both the victim and her mother that Branch had previously fondled the victim when she around was eight or nine years old. The victim's mother testified that she did not report the incident to authorities at the time, opting instead to seek help from their pastor. But when the victim informed her that Branch had sexually abused her again, she reported it to authorities. She also read letters from the witness stand that Branch had written from jail apologizing for his actions, and agreeing to a divorce if she dropped the charges.[6]

On the basis of these facts, a rational jury could infer that Branch was guilty of both gratification of lust and statutory rape. That the jury found Dr. Sorey's findings more credible than Dr. Berryman's, and rejected the defense's theory that the allegations were fabricated, is beyond the scope of federal review. See *Schlup v. Delo*, 513 U.S. 298,

---

[5]ECF No. 18-3, p. 14.

[6]ECF Nos. 18-2, pp.104-131; 18-3, pp. 5-16.

8

330 (1995) ("under *Jackson,* assessment of credibility of witnesses is generally beyond scope of review"). Under *Jackson's* sufficiency-of- the-evidence standard, juries have broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that they "draw reasonable inferences from basic facts to ultimate facts." *Johnson*, 132 S.Ct. at 2064 (quoting *Jackson*, 443 U.S. at 2064). Viewing the evidence in the light most favorable to the State, the jury heard sufficient evidence from which it could rationally infer that Branch committed the statutory elements of the crimes beyond a reasonable doubt.

In sum, Branch has failed to establish a basis for this Court to review his weight-of-the-evidence claims. Even if the Court were to construe Branch's claims as challenging the sufficiency of the evidence, he is not entitled to habeas relief for the reasons stated. Grounds one through three fail to state a claim upon which relief may be granted and should be dismissed with prejudice.

### 2. **Actual Innocence Claim**

Petitioner's actual innocence claim also fails to present a cognizable claim for federal review. "[A] claim of 'actual innocence' is not itself a constitutional claim, but [is only] a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *White v. Thaler,* 2013 WL 1442568, at *5 (5th Cir. Apr. 1, 2013) (unpublished) (quoting *Herrera*, 506 U.S. at 404). The Fifth Circuit has repeatedly held that such claims are not cognizable on federal habeas review. *Kinsel v. Cain*, 647 F.3d 265 (5th Cir. 2011). The U.S. Supreme Court has also never

held that actual innocence claims "state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera*, 506 U.S. at 400.

Branch does not assert an independent constitutional claim here, "but rather argues that he is entitled to habeas relief because newly discovered evidence shows that his conviction is factually incorrect." *Id*. at 404. Because he fails to assert an underlying constitutional violation, his actual innocence claim must be dismissed for failure to state a claim upon which relief may be granted.

Even if the claim was cognizable, it was considered and rejected on the merits by the Mississippi Supreme Court on state post-conviction review. Branch fails to show that the state court's decision was contrary to, or an unreasonable application of clearly established federal law. 28 U.S.C. §2254(d)(1). To establish actual innocence, a petitioner must present "new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schulp*, 512 U.S. at 327).

Here, Branch argues that the victim's lacerations stem from a previous incident in which she was allegedly molested in 1999 by her 17 year-old cousin. She would have been around eight or nine years old at the time.[7] In support, he attaches a docket sheet

---

[7] The victim was born on October 2,1991. ECF No. 18-2, p. 104.

purportedly from the Orleans Parish Magistrate Court, New Orleans, Louisiana, which appears to show that the cousin was released pursuant to Article 701 of the Louisiana Code of Criminal Procedure. This evidence, which was excluded prior to trial as irrelevant, is not a "truly persuasive demonstration of 'actual innocence.'" *Herrera*, 506 U.S. at 417; *McGowan v. Thaler*, 675 F.3d 482, 502 (5th Cir. 2012). There is no record evidence of a conviction, and an allegation of a potential third party's abuse several years prior to the underlying incident does not rule out Branch's guilt. *White*, 2013 WL 1445268 at *6. Branch cannot show that had this evidence been admitted, it was more likely than not that no reasonable juror would have convicted him in light of the evidence presented at trial. While recanting affidavits are viewed with "extreme suspicion," the victim, who is now an adult, gave consistent accounts to several authorities that her father sexually assaulted her on the morning of June 12, 2003, after her mother went to work. *Komolafe v. Quarterman*, 246 F. App'x. 270, 272 (5th Cir.2007) (citing *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996)). She has never recanted her testimony.

For these reasons, the Court finds Petitioner's claims do not present a federal constitutional issue cognizable for habeas review as required under 28 U.S.C. § 2254(a) and should be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and

Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 26th day of June, 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE